

# COMPLAINT
## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

**LINAE M. NESBITT**, petitioner

3716 South Calumet Avenue

Chicago, IL 60653

LMNESQ1@gmail

312 618 6020

1:25-cv-02018
Judge Elaine E. Bucklo
Magistrate Judge Jeannice W. Appenteng
RANDOM / Cat. 2

**RECEIVED**

FEB 26 2025

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

VS

**CHICAGO HOUSING AUTHORITY**, defendant

60 E. Van Buren

Chicago, IL 60605

## SUMMARY OF OCCURRENCE

The Chicago Housing Authority ("CHA") receives funding from the Department of Housing and Urban Development ("HUD") and therefore must conform to Federal, State, county, and local law which all give and protect rights of the blind. See Federal Americans with Disabilities Act ("ADA") TITLE II; ILLINOIS HUMAN RIGHTS ACT 775 ILCS 5/...; ILLINOIS FAIR HOUSING ACT; and COOK COUNTY HUMAN RIGHTS ORDINANCE. In sum, I was entitled to the accommodation(s) I requested but was denied; the accommodation(s) were reasonable, and would not have caused an undue financial or administrative burden on CHA. The Court has jurisdiction of this case because of violations of Federal, State, county and local law.

In this case, in or about September, 2024 CHA revoked my Housing Choice Voucher ("HCV") without sufficient notice to me, and did not give me an opportunity to appeal their adverse decision. Specifically, I did not receive a telephone call, virtually a guaranteed means of contact for me, until supposedly it was too late to address this matter in-house. No one called me to inform me that my voucher was in jeopardy of expiring and I needed to recertify. Moreover, no one called to inform me of the appeals process. But ironically, VIA TELEPHONE, I was informed I lost my voucher, and the appeal period had already expired.

Note, I have repeatedly explained to both housing specialists and those on the front lines of contact (e.g., telephone operators and desk clerks) that I can answer the telephone and respond to whatever issue is presented. In fact, I have always explained why the phone is the BEST means of contact for me.

Regarding United States mail delivered by postal carrier, it is a better form of contact for me than the Internet. Once I receive correspondence I can scan it, enlarge it, or have it read. I simply require a little more time than others due to my blindness.

I understand, as informed by CHA, in this modern world, Internet is the preferred means of interaction. However, as a blind person I am not very adept at this growing and ever-changing computer science. Hence, I should have but was not treated differently, if Internet is becoming the standard. I believe the spirit and letter of the law is to achieve equality through fairness. When it is reasonable in the circumstances, you are to treat disabled people justifiably differently. It was not unreasonable to call me before terminating my voucher, especially when I have reiterated the Internet is not an exact science for me. See ADA Best Practices Tool Kit for STAT.E and LOCAL GOVERNMENT, American Foundation for the Blind, Article, July 26, 2024, which reported U.S.A. Dept. of Justice, Civil Rights Division issued document "designed to assist state and local officials to improve compliance with Title II of the ADA in their programs, services, activities...". Although officials are not mandated to follow the document, the Department encourages its use as one effective means for compliance with Title II of the ADA.

In a nutshell, I was refused a reasonable, disability-related accommodation, and unfairly terminated from participating in a government-funded housing assistance program. I would never forfeit or jeopardize participating in this program. It is the only way I can live independently until I can earn a living.

Based on the foregoing, I am seeking the following relief: (1) Reinstatement of my Housing Choice Voucher; (2) Whatever is deemed equitable, just and fair, including monetary relief; and (3) If the Court deems it necessary or appropriate, an in-person hearing to clarify my position and to explain why I need to have my own residence, unless waiting on a hearing will prolong my current living situation (I am temporarily living with a sighted family member).

I declare under penalty of perjury that the foregoing information is true and correct.

Linae M. Nesbitt

Dated and signed 2/26/2025